May it please the Court, Sassoon Nalbanyan for Petitioner Hamlet Israyelyan. Your Honors, the two issues in this case are given Petitioner's credible testimony and no finding of adverse credibility, whether or not he has suffered past persecution and whether the government has successfully rebutted by preponderance of the evidence the presumption of a well-founded fear of future persecution. Counsel, if you prevail with that line of argument, do we decide the case or do we have to send it back to the BIA? Your Honor, I guess the only issue left would be discretion, whether or not the judge would use, so I guess it would be remanded for discretion. You would reverse? You would reverse the immigration judgment. You would remand the petition and remand for further proceedings, right, consistent with that? I would think so, based on my reading of the case. You would remand it and the BIA would... Is there any conflict between Ninth Circuit law in that regard and Supreme Court law, Ventura? Your Honor, actually, I don't think there is, but I apologize. Well, there actually might be two issues. One might be an exercise of discretion, but wouldn't the other issue be whether the government rebutted the presumption of future persecution, which would flow from if we were to agree with you? Yes, sir. Who would decide that question about the presumption of future persecution? Would we do it or the BIA? Well, Your Honor, based on Ventura, following Ventura, I guess the court can decide it in this case because it is not the first time that issue is presented. In front of the court, the government, basically the government had its chance to present the rebuttal evidence at the time of the merits hearing, and that's the only opportunity the trial attorney is given to present rebuttal evidence. So this court can decide if the presumption has been rebutted or not. If we were looking at the quality of the evidence, then it might have to go back, but if there is no evidence, then we can decide it. Is that what you're saying? Correct Your Honor. No evidence by the government? There is no evidence. The only evidence is the profile, Your Honor, and the profile has dealt with general issues dealing with individuals who speak Armenian or who have Armenian spouses. However, it does not deal with the specific facts of Petitioner's case where an individual who spoke Armenian and had Armenian family members, but nevertheless was persecuted because of his mixed ethnicity. It is contradicted by the specific facts of Petitioner's case. The report was published in September of 1998. Petitioner's last incidents where he was detained and beaten by the police officers to the point of unconsciousness occurred in February of 1999 after this report was published. Moreover, Your Honors, there is objective information in the record. The country reports on human rights practices by the State Department for 1999, which states that as a result of protracted Nagorno-Karabakh conflict, there is no significant Azeri minority and the several hundred Azeris or persons of mixed Azeri heritage still living in the country maintain a low profile of societal discrimination. Furthermore, the country report from U.S. Committee for Refugees for 1999 on Administrative Record, page 256, states that by year's end, many regarded Nagorno-Karabakh as a tinderbox waiting to reignite. So contrary to the respondent's assertion in their brief, the conflict is far from over. There may be a ceasefire, but the conflict is far from over. And as this Court has stated, the rebuttal evidence, first of all, it needs to be a preponderance. Second, it needs to be on an individualized basis and rebut the specific facts introduced by Petitioner. Petitioner's condition worsened after this report came out. So this report, although it states there are a few claims, this is one of those claims where a well-founded fear of future persecution has been established. Is the term Azeri, which I guess Petitioner's mother was an Azeri, does that mean that she's from Azerbaijan? Your Honor, it actually means she is of Azeri ethnicity, so born in Azerbaijan and not of Armenian ethnicity. Okay. Thank you, Your Honors. Unless the panel has any further questions, I would like to reserve the remainder of my time for rebuttal. We'll hear from Ms. Park. Good morning, Your Honors. Song Park for the Attorney General. May it please the Court. The Petitioner in this case challenges the Board's denial of his application for asylum, withholding of removal, and protection under the Convention against torture. And all of his testimony is believable, right? We had no adverse credibility findings. That is correct, Your Honor, in that the immigration... And what did the government introduce that contradicts any of his testimony? I think even though there was not a specific... To answer your question directly, Your Honor, there are reports, two different reports, produced by the Department of State included in the administrative record. And this Court has acknowledged that, as well as other circuits, have acknowledged that he generally is positive of country conditions and are a good source of knowledge and expertise for discerning what is going on in a particular country at a given time. That's the direct answer to your question, Your Honor. But in terms of what the agency found, meaning what the immigration judge determined to be the case here, even though she didn't specifically make an adverse credibility finding, there were several issues of concern and interest that she noted throughout her decision. And while that may not necessarily indicate that it was an adverse credibility determination, she did note, when you look at the decision as a whole, that all of these various inconsistencies or concerns that she cited resulted in her not being able to determine, in fact, what occurred the way that Petitioner alleged that it occurred. So she, I believe, denied this case on burden of proof issues, meaning that the Petitioner, who squarely bears the burden of demonstrating eligibility for asylum, failed to meet that particular burden in this case. Well, to sustain your case, do we have to find that he wasn't credible? You say? No, Your Honor. No, Your Honor. The government's position is that there's either an immigration judge could deny an asylum application because she or he or she found the testimony to be not credible. Right. But then there is also the burden of proof that must be met by the Petitioner. Why? Well, if you believe all of his testimony, he makes a prima facie case, right? The government's position is he did not, Your Honor. The immigration judge noted several concerns, and based on those inconsistencies and other questions that she had about both his testimony and the evidence that he presented in support of it, she determined that he had failed to meet his burden of proof of demonstrating eligibility for the relief that he applied for. So we have to take his testimony as believable. Correct, Your Honor. And he testified that he was beaten twice. He was put in the hospital twice. He had at least one concussion as a result of those beatings. So we have to accept that he was beaten. Now, how do we get around that as at least the first step in persecution? The immigration statute specifically states that it's not, in order to demonstrate eligibility for asylum, it's not sufficient just to say that I suffered harm while I was in the country that I came from. What they also have to establish is that there were harms on account of one of the five statutorily protected grounds specified in the statute. In this case, I think some of the concerns, and the immigration judge specifically noted, I believe it was on page 46 of the administrative record, she said, well, yes, I believe that he is of a mixed Azeri-Armenian heritage. But the next question is, was he harmed or the experiences that he alleges was that on account of the fact that he was of mixed Azeri-Armenian heritage? Does the IJ find provoked the beatings? I believe she found that. Based on the evidence, I believe she believed that there was testimony provided by the petitioner in this case that he was charged with or at least alleged to have been a spy in the immigration for the Azerbaijani government. So the government, I'm sorry, the immigration judge noted that and indicated, well, this could actually have been a basis for why he was taken into custody. This could have been a reason because they suspected that he might have been, in fact, providing information or assisting the Azerbaijani government. I'm sorry, Your Honor? You said could have been or was. Which do you mean? The immigration judge made a finding that he was beaten on account of that or could have been beaten on account of that. I think the immigration judge, it's the latter. I believe it was the latter, Your Honor. He made a specific finding that the sole reason for the beating was he was a spy. I don't believe it was that definitive. I think part of that question she had went to this issue of not knowing what to believe, given the evidence before her, given the testimony and given some of the documentary evidence that might have been in the record. I think she looked at it and said, I don't know. That's what he alleges. He testifies this. He testifies that. I don't know what to believe. And the statute, I think, clearly places the burden of proof on the respondent or, I'm sorry, Your Honor, on the petitioner in this case. Okay. Given the, again, given the statute, the standard of review which would apply in this case, and that is the substantial evidence standard of review, meaning that the agency's facts are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. So the fact that other reviewers looking at the same evidence may have determined it a different way or come to a different conclusion is not sufficient under that standard. The question that we have is whether the evidence compels the conclusion that he was persecuted on account of his mixed ancestry. On account of race. Correct, Your Honor. Correct, Your Honor. And that a reasonable adjudicator looking at the evidence in the record would be compelled to go the other way, given the evidence. That would be what would be required to overturn. The adjudicator couldn't conclude that he wasn't persecuted on account of race. That is correct, Your Honor. And the government's position is that in this case, given the concerns cited by the immigration judge in this case, that that standard has, that hasn't been, that has not been demonstrated by the petitioner. That, in fact, looking at the evidence and considering the concerns cited by the agency in this case, that that would not compel a reasonable fact finder to determine otherwise from what the immigration judge did. Okay. And I would just like to, the government would like to remind the court that Mr., the petitioner's asylum application in this case was denied only after it was reviewed by the SDHS or the INS at that time, asylum officer. After he got to present his evidence anew before the immigration judge, who also denied his application. And after he had filed an appeal to the Board of Immigration Appeals, which had taken a look at, again, the evidence presented, and again denied his application. So there have been multiple instances in which the petitioner in this case has been able to present his case and has been unable to sustain his burden of demonstrating eligibility for asylum in each of those cases, in each of those times. Unless there are any other questions? I have none. Thank you. Thank you, Your Honor. We request that the petition be denied. Thank you.  Mr. Malbandia. Thank you, Your Honor. You saved some time for rebuttal, so go for it. Thank you very much, Your Honor. Counsel for Respondent states that the judge did not know what to believe, and she was speculating as to what could have been true, what could not have been true. This court stated in Del Carmen Molina that because of the IJ's finding that petitioner was credible, this uncontradicted testimony must be accepted as true. The judge cannot speculate what is true, what is not true. With regard to whether or not he was, in fact, a spy, the government itself concedes in its brief, it doesn't matter if he was a spy or not. It's the reason for the persecution that matters. Petitioner's mother was beaten to death in 1992. Petitioner's brother's leg was broken. None of his family remains in Armenia. They were all accused of being Turks. Petitioner testifies in his statement and orally that he was told he was a spy and a Turk because of his Muslim faith and would be killed if he did not leave Armenia. Furthermore, he states later on that he was told, why have you not left, you must be a traitor if you haven't left Armenia. Your Honors, I think the, at least, at the very least, which I would argue, it's not even that. There is mixed motives, and part of it is mixed as Armenian-Azeri ethnicity. Second, government states how many reviews there's been of the case. The issues are not how many reviews there's been. I actually, we have concerns with whether or not the BIA streamlined this case too quickly. Your Honor, the issue in this case is whether or not, given the past persecution suffered by Petitioner, the presumption has been rebutted. The objective evidence, the subjective evidence, the specific facts, once again, the report being written prior to the last incident of persecution indicates that the presumption has not been rebutted. And finally, Your Honors, the inconsistencies, quote-unquote, cited by the immigration judge were the fact that Petitioner lived for a few months in Armenia before coming here in hiding and stated that if he were to return, he would have to register and be persecuted. There is clear case law on this in this circuit. That is not a reason to deny a case. There was a minor inconsistency as to dates in the witness' testimony. Everything else was consistent, word for word, directly with the Petitioner's testimony. And finally, the fact that he had a fear of expressing an asylum claim upon entering the airport is also well set of law in this circuit, that that cannot be considered a major inconsistency. Thank you, Your Honors. We thank both counsel for their spirited arguments. Now, at this point, Israel—I'm concerned I'm mispronouncing it— Israelian will be submitted. Thank you. Thank you, Your Honor.
judges: Beezer, Gould, T. Nelson